UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLARENCE EDWARD WALLESKE,

     Plaintiff,

v.

SERGEANT RONTERRIOUS
WILLIAMS,

     Defendant.

Case No. 4:26-cv-00089-MCR-MJF

## PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND INCORPORATED BRIEF IN SUPPORT

Pursuant to Rule 12(f), Plaintiff Clarence Edward Walleske files this motion to strike the following affirmative defenses raised by Defendant Ronterrious Williams is his answer to Plaintiff's complaint (Doc. 8):

- Defense No. 5 for failure to satisfy a condition precedent or exhaust administrative remedies;

- Defense No. 6 for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA").

- Defense No. 8 for "all defenses provided and allowable by law."

As explained below, Defenses Nos. 5-6 are legally impermissible because Plaintiff was released from prison prior to the filing of this lawsuit, so the PLRA does not

apply. For Defense No. 8, Defendant must provide notice of the specific defenses he intends to raise.

## I.   BACKGROUND

On or about February 19, 2024, Plaintiff was attacked by two inmates at Liberty Correctional Institution. *See, generally*, Compl. At the time, Defendant was the dorm's sergeant, and he was stationed in the control room (or "bubble"). *See id.* ¶¶ 8–9. According to the Complaint, Defendant allowed these two inmates to enter from one wing into Plaintiff's wing with weapons, telling them that Plaintiff was a "chomo," or child molester. *See id.* ¶¶ 14–16. Plaintiff could be heard screaming for help. *See id.* ¶ 19. Yet Defendant failed to do anything. Instead, after they were finished attacking Plaintiff, Defendant let the assailants back through the security doors, carrying Plaintiff's belongings. *See id.* ¶ 22.

Plaintiff sued Defendant for violating the Eighth Amendment. At the time of filing, Plaintiff was not incarcerated. *See id.* ¶ 6. This can be confirmed on the Department of Corrections' website, reflecting his release on June 25, 2025: https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=G12264&TypeSearch=IR. The Court can take judicial notice of such information from the Department's website. *White v. Fla.*, 2007 WL 4336090, at *1 (M.D. Fla. Dec. 6, 2007) (taking judicial notice of the Department's website to establish that the petitioner had been released from custody); *see also Rentz v.*

*Peters*, 2009 WL 1587147, at *3 (M.D. Fla. 2009) (taking judicial notice of the plaintiff's information on the Florida Department of Corrections' website concerning his crimes and sentence).

## II.   ARGUMENT

### A. Applicable legal standard

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, [or] impertinent ... matter." Fed. R. Civ. P. 12(f). The primary purpose of a motion to strike is "to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues." *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) (collecting cases). The movant bears the burden to demonstrate either that the defense on its face is "patently frivolous" or it is "clearly invalid as a matter of law." *Equal Employment Opportunity Comm'n v. Univ. of Miami*, 2020 WL 2739711, at *2 (S.D. Fla. May 22, 2020) (citation omitted). An affirmative defense is invalid as a matter of law only if "the defendant cannot succeed under any set of facts that it could prove." *Id.* (citing *Equal Employment Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980)).

### B. Defenses Nos. 5-6, as they relate to exhaustion under the PLRA, must be stricken because the PLRA does not apply.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner *confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). It also defines prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* § 1997e(h). Some courts have held, for instance, that the mere transfer to a treatment center, halfway house, or similar institutional setting constitutes a "facility" under the PLRA, demanding exhaustion of administrative remedies despite no longer being confined to a *prison. See Jackson v. Johnson*, 475 F.3d 261, 265–67 (5th Cir. 2007) (holding parolee in a halfway house, which he could not leave without permission, was a prisoner); *Fernandez v. Morris*, 2008 WL 2775638, *2 (S.D.Cal., July 16, 2008) (holding plaintiff involuntarily confined in a drug program was a prisoner under the PLRA); *Clemens v. SCI-Albion*, 2006 WL 3759740, *5 (W.D. Pa. Dec. 19, 2006) (holding prisoner confined to a "residential community corrections program" which was also a "minimum security work release facility" was a prisoner for PLRA purposes).

4

But a person otherwise paroled or released is not a prisoner under the PLRA. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (finding PLRA not applicable to parolee); *Harris v. Garner*, 216 F.3d 970, 974-80 (11th Cir. 2000) (observing that PLRA would not apply to parolee who was no longer confined at the time the lawsuit was filed); *Pickens v. Mgmt. & Training Corp.*, 2017 WL 5559847, *2 & nn.14-15 (S.D. Miss., Nov. 17, 2017) (holding plaintiff's grandmother's house, where he needed to live under terms of "earned-release supervision," was neither a correctional facility nor a halfway house); *Blank v. Eavenson*, 2012 WL 685460, *4 (N.D. Tex. Feb. 14, 2012) (holding person subject to home detention was not a prisoner); *Merrion v. Corizon Health, Inc.*, 2015 WL 728470, *4 (M.D. Pa. Feb. 19, 2015) (holding person released subject to electronic monitoring was not a prisoner). When a prisoner is released, the statutory purpose of the PLRA—to provide precautions against weak lawsuits—is diminished and its constraints no longer apply. *See Harris*, 216 F.3d at 1001–02 (Tjoflat, J., concurring). The status of whether the plaintiff is a prisoner is evaluated at the time of the start of the lawsuit. *Id.* at 972.

Here, Plaintiff was released from the custody of FDOC in June 2025, well before this lawsuit was filed. Accordingly, under the PLRA, Plaintiff is not a prisoner for purposes of this lawsuit and is therefore not subject to the act's exhaustion requirements. Defendant's affirmative defenses regarding Plaintiff's

alleged failure to exhaust his administrative remedies, fail as a matter of law, and should be stricken.

### C. Defense No. 8, which presumably incorporates any possible defense available, is improper.

Finally, the Court should strike Defense No. 8, which claims all possible defenses, without identifying them or providing any support. Such defense fails because it does not put Plaintiff "on notice of the factual basis for legal defenses asserted." *United Fixtures Co. v. Base Mfg.*, 2008 WL 4550212, at *5 (M.D. Fla. Oct. 8, 2008) ("The affirmative defenses are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for legal defenses asserted. As such, [those] affirmative defenses should also be stricken."). Despite liberal pleading requirements, "where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)) (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)); s*ee also Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *1 (S.D. Fla. July 31, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests.") (internal quotations omitted).

Instead, it appears that Defense No. 8 is a reservation of rights to allow Defendant to raise other defenses later without amending his answer or providing notice to Plaintiff to address those potential defenses during discovery. Courts routinely construe such reservations as violative of Rule 15. *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 2013 WL 12067458, at *4 (S.D. Fla. Nov. 20, 2013) ("Defendants' reservation of rights clause is not an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiffs' claims.") (citations omitted); *JPMorgan Chase Bank, N.A. v. CNL Bank*, 2011 WL 13298558, at *4 (M.D. Fla. Jan. 3, 2011) ("A reservation of rights to raise additional affirmative defenses is not a viable defense") (collecting cases). To allow Defendant to claim a defense late in the case would defeat the purpose of Rule 8. For this reason, the Court should strike Defense No. 8.

## III.   CONCLUSION

For all these reasons, the Court should strike Defenses Nos. 5, 6 and 8.

Dated: March 31, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Clarence Walleske*

7

## Certification Pursuant to L.R. 7.1(B)

Pursuant to Local Rule 7.1(B), I hereby certify that on March 25, 26, and 31, 2026, I made efforts to confer with counsel for Defendant on the relief requested herein. To date, I have not ascertained Defendant's position. Should Defendant provide a position after filing, I will supplement this certificate.

By: */s/ James M. Slater*
James M. Slater

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater