UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLARENCE EDWARD WALLESKE,

Plaintiff,

vs.                                          Case No.: 4:26-cv-00089-MCR-MJF

SERGEANT RONTERRIOUS
WILLIAMS, in his individual capacity,

     Defendant.

_____/

JOIN MOTION FOR ENTRY
OF HIPAA-QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c), Plaintiff Clarence Walleske and nonparty Florida

Department of Corrections (FDC) jointly move for the entry of the attached

proposed HIPAA-Qualified Protective Order (HQPO). Defendant does not oppose

the relief requested herein. In support, Plaintiff and FDC state:

I.     BACKGROUND

Plaintiff Clarence Walleske sued FDC correctional officer Ronterrious

Williams for alleged violations of his constitutional rights under the Eighth

Amendment, specifically for alleged failures to protect Mr. Walleske from serious

physical and sexual violence from other prisoners. (*See, generally*, Doc. 1). Given

these claims, some critical material evidence may disclose Protected Health Information (PHI). Plaintiff and FDC seek this order under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), so that PHI may remain secure through the Court ordering limited dissemination, used only for the litigation, and destruction or return afterward. To streamline these proceedings and allow full and substantially unredacted discovery without diminishing the parties' and third-party concerns over PHI and confidential information, Plaintiff and FDC respectfully request the entry of the attached HQPO. Defendant does not oppose this request.

## II.    MEMORANDUM OF LAW

### A. The Protective Order Standard.

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d

2

1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

### B. Entry of an HQPO is Appropriate.

Under HIPAA, PHI "means individually identifiable health information" which is transmitted or maintained in electronic media or in any other form or medium. 45 C.F.R. § 160.103. The regulations that govern disclosure of PHI provide that a covered entity may sometimes disclose PHI for medical research or law enforcement investigations. It may also disclose PHI in the course of any judicial or administrative proceeding (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(e). District courts have employed such protective orders in the past to make material evidence available to parties. *See, e.g., Jac'Quann (Admire) Harvard et al. v. Mark Inch, et al.*, Case No. 4:19-cv-212-MW-MAF, Doc. 46

(N.D. Fla. Sept. 9, 2019) (Walker, J.).

Because health care in Florida prisons is provided by private entities, health care corporations, like Centurion of Florida, LLC, are "covered entities" for HIPAA purposes, but FDC and Plaintiff dispute whether FDC is a "covered entity" under 45 C.F.R. § 160.103. To avoid litigation over the parties' competing contentions and to ensure that discovery disclosed in this case is substantially unredacted, the entry of the attached HQPO can eliminate unnecessary redactions, further disputes in this lawsuit over redacted materials, and can eliminate the burden of requiring authorizations of nonparties whose PHI may, often unexpectedly, appear in relevant material evidence in this case. 45 C.F.R. § 164.512(e)(1).

WHEREFORE, Plaintiff and FDC request that the Court grant this joint motion and enter the attached HIPAA-Qualified Protective Order.

Dated: June 16, 2026

| | |
|---|---|
| */s/ James M. Slater* | */s/ Amber Kourofsky (w/ permission)* |
| James M. Slater (FBN 111779) | Amber Kourofsky (FBN 85100) |
| Slater Legal PLLC | Assistant General Counsel |
| 2296 Henderson Mill Rd. NE #116 | Office of the General Counsel |
| Atlanta, GA 30345 | Florida Department of Corrections |
| Tel. (404) 458-7283 | 501 South Calhoun Street |
| james@slater.legal | Tallahassee, Florida 32399 |
| | Tel. 850-717-3605 |
| *Attorneys for Plaintiff* | amber.kourofsky@fdc.myflorida.com |
| | *Attorneys for nonparty FDC* |

4

## Local Rule 7.1(F) Certification

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

## Local Rule 7.1(B) Certification

I certify that I conferred with defense counsel on the relief requested herein. Defendant does not oppose the requested relief.

By: */s/ James M. Slater*
James M. Slater