UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLARENCE EDWARD WALLESKE,

     Plaintiff,

  v.

SERGEANT RONTERRIOUS
WILLIAMS,

     Defendant.

Case No. 4:26-cv-00089-MCR-MJF

## **PLAINTIFF'S CONSENT MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 16(b)(4), and with the consent of Defendant, Plaintiff Clarence Walleske moves to modify the Court's Scheduling Order (ECF No. 14), to extend the remaining deadlines by 90 days. As grounds, Plaintiff states:

1.    This is a lawsuit brought by a former prisoner against a correctional officer involving alleged failure to protect Plaintiff from severe physical and sexual violence at Liberty Correctional Institution.

2.    Because almost all the records in this case are in the possession, custody, and control of the Florida Department of Corrections, Plaintiff served a subpoena on the Department in late April, following the parties' April 23, 2026 Rule 26(f) conference.

3.      The Department would not agree to comply with the subpoena unless this Court entered a protective order on confidentiality of records and a HIPAA-qualified protective order concerning protected health information. Motions for those orders were filed in mid-June following extensive conferral on their parameters, and the Court entered the respective orders on July 7 and July 8. (ECF Nos. 18 & 19).

4.      Following entry of the protective orders, Plaintiff has endeavored to ascertain when the Department will be able to produce records in this case, which records involve communications concerning Plaintiff and the incident, Office of Inspector General records concerning the incident, and other relevant matters. While the Department's counsel has assured the undersigned counsel for Plaintiff that the Department is in the process of compiling records and searching for communications, there is no definitive date by which the Department anticipates a rolling production or the completion of its production.

5.      While the parties have otherwise engaged in written discovery and have scheduled party depositions and mediation within the time required by the Scheduling Order, it appears likely that the records may not be produced by the Department in full prior to the close of discovery, or at least with sufficient time to engage with the production to determine whether other avenues of discovery are required, including other depositions.

2

6.      On that basis, Plaintiff seeks an additional 90 days to complete discovery and to extend the summary judgment cutoff—the only remaining deadlines in the case. Defendant does not oppose this request.

## **MEMORANDUM OF LAW**

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

If the schedule is not modified it is unlikely the parties would be able to adequately complete discovery in this case, as disclosure of confidential and other information in the possession of the Department is paramount to the parties' ability

3

to fully litigate the case. Accordingly, Plaintiff seeks modification of the remaining deadlines, which Defendant does not oppose:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Deadline for completing discovery and filing motions to compel. | September 22, 2026 | December 21, 2026 |
| Deadline for filing dispositive and *Daubert* motions. | October 13, 2026 | January 11, 2026 |
| Mediation. | October 22, 2026 | No change |

WHEREFORE, Plaintiff Clarence Walleske respectfully request that the Court grant this motion and enter an order amending the Scheduling Order to modify the discovery and summary judgment deadlines by 90 days, as set forth in the above table.

Dated: July 31, 2026

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Clarence Walleske*

4

## **Certification Pursuant to L.R. 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

## **Certification Pursuant to L.R. 7.1(B)**

Pursuant to Local Rule 7.1(B), I hereby certify that I conferred with Brian Keri, counsel for Defendant, concerning the relief requested herein. Defendant does not oppose the relief requested herein.

By: */s/ James M. Slater*
James M. Slater